IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTURO MATURINO MALDONADO, 09085637<br>      Petitioner,<br><br>v.<br><br>RICHARD THALER, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>      Respondent. | No. 3:10-CV-0739-K |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**Factual Background:**

This is a habeas corpus proceeding brought under 28 U.S.C. § 2254. Petitioner is in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-ID). Respondent Rick Thaler is the Director of TDCJ-CID.

Petitioner argues his sentence was improperly credited for back-time. On August 25, 1999, Petitioner was convicted of two charges of intoxication assault. *State of Texas v. Arturo Maturino Maldonado*, Nos. F-9945033-U and F-9945032-NU (291st Dist. Ct., Dallas County, Tex. Aug. 25, 1999). In cause No. F-9945032-NU, Petitioner was sentenced to six years in prison. Petitioner completed this sentence on June 30, 2005. (Resp. Ex. B). In cause No. F-

9945033-N, Petitioner was sentenced to ten years in prison, but the sentence was probated. On April 1, 2010, Petitioner's probation was revoked and he was sentenced to two years in prison.

**Discussion**

Petitioner's claims are unclear. He appears to argue that he is entitled to back-time on his two year prison sentence in cause No. F-9945033-U. Petitioner, however, has failed to show that he has exhausted his state remedies as to this claim.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

Petitioner did not file a petition for discretionary review. His state petition for writ of habeas corpus is currently pending before the Court of Criminal Appeals. He therefore has not exhausted his claims. Further, as to his time credit claim, he has not shown that he has complied with section 501.0081 of the Texas Government Code. That statute provides:

> (a) the [TDCJ] shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.

(b) Except as provided by Subsection (c), an inmate may not in an application for writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

   (1) the inmate receives a written decision issued by the highest authority provided for in the resolution system; or
   (2) if the inmate has not received a written decision described in Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.

(c) Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge . . . .

Tex. Gov't Code Ann. § 501.0081 (Vernon 1999); *see also Ex parte Stokes*, 15 S.W.2d 532, 533 (Tex. Crim. App. 2000).

Petitioner has not shown that he has exhausted his claims. Petitioner's claims should be dismissed.

**RECOMMENDATION**

The Court recommends that the petition be dismissed without prejudice for failure to exhaust state remedies.

Signed this 25th day of January, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).