IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTURO MATURINO MALDONADO, )<br>09085637                                            )<br>        Petitioner,                              )<br>                                                        )<br>v.                                                    )<br>                                                        )<br>RICK THALER, Director, Texas            )<br>Dept. Of Criminal Justice, Correctional )<br>Institutions Division,                         )<br>        Respondent.                             ) | No. 3:10-CV-0739-K |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

**Factual Background:**

This is a habeas corpus proceeding brought under 28 U.S.C. § 2254. At the time he filed this petition, Petitioner was in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-ID). Respondent Rick Thaler is the Director of TDCJ-CID.

Petitioner argues his sentence was improperly credited for back-time. On August 25, 1999, Petitioner was convicted of two charges of intoxication assault. *State of Texas v. Arturo Maturino Maldonado*, Nos. F-9945033-U and F-9945032-NU (291st Dist. Ct., Dallas County, Tex. Aug. 25, 1999). In cause No. F-9945032-NU, Petitioner was sentenced to six years in prison. Petitioner completed this sentence on June 30, 2005. (Resp. Ex. B). In cause No. F-

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**

9945033-N, Petitioner was sentenced to ten years in prison, but the sentence was probated. On April 1, 2010, Petitioner's probation was revoked and he was sentenced to two years in prison.

On January 25, 2011, the undersigned Magistrate Judge entered Findings, Conclusions and a Recommendation that the petition be dismissed for failure to exhaust state remedies. On March 2, 2011, Petitioner filed correspondence stating he had now exhausted his state remedies. On March 3, 2011, the District Court re-referred this action to the Magistrate Judge. On May 3, 2011, Respondent filed his answer. The Court now finds the petition should be dismissed.

**Discussion**

Article III of the Constitution limits federal court jurisdiction to "cases and controversies." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). Under the case or controversy requirement, "[t]he parties must continue to have a personal stake in the outcome of the lawsuit." *Spencer v. Kemma*, 523 U.S. 1, 7 (1998). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*.

In this case, Petitioner does not attack his sentence. Petitioner instead seeks a speedier release from custody, arguing Respondent has failed to properly credit him with pre-sentence jail credits. On April 19, 2011, Petitioner completely discharged his sentence. (Resp. Ex. A.) Petitioner's release from custody renders moot his request for speedier release from custody. *See Bailey v. Sutherland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (per curiam) (finding petitioner's release from custody rendered moot his habeas petition which sought release from confinement, expungement of disciplinary reports and restoration of good time). Since an Article III case or controversy no longer exists, the petition should be dismissed.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -2-

**RECOMMENDATION**

The Court recommends that the petition be dismissed for lack of jurisdiction as moot.

Signed this 10th day of August, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).